UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNELL HILL, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV993 JCH |
| ) | |
| CAREER EDUCATION CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

**ORDER**

This matter is before the Court on Defendants Sanford-Brown College, LLC, and Career Education Corporation's ("CEC") Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, This Case (ECF No. 18) and Defendants' Motion to Stay Discovery and Other Pretrial Proceedings Pending a Ruling on Their Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, This Case (ECF No. 20), both filed October 4, 2011. The motions are fully briefed and ready for disposition.

For purposes of the motion now under consideration, the record establishes the following: Defendants are Delaware corporations whose business is the operation and ownership of for-profit educational institutions, including Sanford Brown College in Hazelwood, Missouri. On November 23, 2004, Plaintiff Jennell Hill, a Missouri resident, signed an Enrollment Agreement to obtain an associate's degree in surgical technology at Sanford Brown College in Hazelwood. The Enrollment Agreement set forth the total for tuition and fees as $32,165.00, and other terms, such as Sanford Brown College's refund policy and policies regarding transfer of credits. In the same font style and size as the other terms was an arbitration clause which provided, in relevant part, as follows:

10. **Dispute Resolution**: Any disputes or controversies between the parties to this Agreement arising out of or relating to the student's recruitment, enrollment, attendance, education or career service assistance by the College or to this Agreement shall be resolved first through the grievance policy published in the catalog. If not resolved in accordance with the procedures outlined in the school catalog to the satisfaction of the student, then the dispute shall be resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association then in effect or in accordance with procedures that the parties agree to in the alternative. The Federal Arbitration Act and related federal judicial procedure shall govern this agreement to the fullest extent possible, excluding all state arbitration law, irrespective of the location of the arbitration proceedings or of the nature of the court in which any related proceedings may be brought. Any such arbitration shall be the sole remedy for the resolution of any disputes or controversies between the parties to this agreement. Any such arbitration shall take place before a neutral arbitrator in a locale near the College unless the Student and the College agree otherwise. The arbitrator must have knowledge of and actual experience in the administration and operation of postsecondary educational institutions unless the parties agree otherwise. The arbitrator shall apply federal law to the fullest extent possible in rendering a decision. The arbitrator shall have the authority to award monetary damages measured by the prevailing party's actual damages and may grant any nonmonetary remedy or relief that the arbitrator deems just and equitable and within the scope of this agreement between the parties. . . . The arbitrator shall not have any authority to award punitive damages, treble damages, consequential or indirect damages, or other damages not measured by the prevailing party's actual damages, or to award attorney's fees. . . . The parties shall bear their own costs and expenses. The parties also shall bear an equal share of the fees and costs of the arbitration, which include but are not limited to the fees and costs of the arbitrator, unless the parties agree otherwise or the arbitrator determines otherwise in the award. . . .

(ECF No. 19-1, P. 4). Rule 7(a) of the Commercial Arbitration Rules of the American Arbitration Association in turn provides that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (ECF No. 30-1, P. 9).

On May 23, 2011, Plaintiff filed the present lawsuit in the Circuit Court of St. Louis County, Missouri, alleging that Defendants made various misrepresentations or omissions concerning Sanford Brown College and the career prospects for its program graduates. Plaintiff asserts three claims

against Defendants: Fraudulent Misrepresentation (Count I); Fraud by Concealment and Omission (Count II); and Violation of the Missouri Merchandising Practices Act (Count III). In each Count she seeks actual damages, including tuition paid, and punitive damages. In Count III she also seeks statutory attorney's fees.

Defendants removed the case to this Court on June 2, 2011, based upon diversity jurisdiction. On October 4, 2011, each Defendant filed an Answer, in which it raised the arbitration clause as an affirmative defense. That same day, Defendants filed the present joint motion to compel arbitration and joint motion to stay.

In response to the motion to compel arbitration, Plaintiff argues that the arbitration clause is unenforceable because it is contained in a contract of adhesion, and further is procedurally and substantively unconscionable under Missouri law.

On November 30, 2011, Defendants requested leave to file supplemental authority in support of their motion to compel arbitration. (ECF No. 34). This Court granted leave, and on December 2, 2011, Defendants filed a Memorandum and Order issued by United States District Judge Audrey G. Fleissig in *Jane Kenner v. CEC, et al.*, Cause No. 4:11CV997 AGF. (ECF No. 36). In her Order, Judge Fleissig addressed an identical motion to compel arbitration filed by Defendants in that case.

After consideration of the entire record in this matter, this Court agrees with the conclusion reached in Judge Fleissig's well-reasoned opinion. The Court thus will grant Defendants' Motion to Compel Arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Arbitration (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending the completion of arbitration proceedings. The parties shall jointly submit a notice updating the Court on the status of this case no later than ten (10) days following the completion of arbitration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes pending completion of the arbitration.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery and Other Pretrial Proceedings Pending a Ruling on Their Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, This Case (ECF No. 20) is **DENIED** as moot.

Dated this 10th day of January, 2012.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE